**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ARGONAUT INSURANCE COMPANY,
ZURICH INSURANCE COMPANY

Case No. 1:24-cv-10971-RGS

                    Plaintiff,

        v.

GID INVESTMENT ADVISERS CORPORATION,
WINDSOR PROPERTY MANAGEMENT
COMPANY

                    Defendants.

-----------------------------------------------------------------

**PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS**
**AND DEMAND FOR JURY TRIAL**

**NATURE OF DISPUTE**

1.      Plaintiffs admit that the Defendants seek a declaratory judgment against Plaintiffs

on the causes of action identified in paragraph 1.

2.      Argonaut admits that it issued to GID a Follow Form Excess Insurance Policy,

Policy No. MLX4244704-3, for the October 1, 2022 to October 1, 2023 policy period (the "Argo

First Excess Policy"), a true and correct copy of which is attached, with premium information

redacted, as Exhibit 2 to the First Amended Complaint. Zurich admits that it issued to GID an

Excess Select Insurance Policy, Policy No. EOC 6527312 00, for the October 1, 2022 to October

1, 2023 policy period (the "Zurich Second Excess Policy"), a true and correct copy of which is

attached, with premium information redacted, as Exhibit 3 to the First Amended Complaint.

3.      Upon information and belief, Plaintiffs admit that Federal Insurance Company

("Chubb") issued to GID an Asset Management Protector$^{SM}$ Policy, Policy No. 6805-2277, for the

October 1, 2022 to October 1, 2023 policy period (the "Primary Policy"), a true and correct copy

of which is attached, with premium information redacted, as Exhibit 1 to the First Amended

Complaint. Plaintiffs further admit that the Primary Policy consists of several coverage parts, each with its own limit of liability, subject to a maximum aggregate limit of liability for all Loss under the Primary Policy of $5,000,000, subject to any applicable Retention for each Claim.

4.     Plaintiffs admit that on December 16, 2022, Yelizaveta Zhovmiruk filed a complaint (the "Zhovmiruk Litigation") against Windsor, which was later transferred and consolidated into a multi-district litigation captioned, *Jason Goldman, et al. v. RealPage, Inc., et al.*, Case No. 3:23-md-03071 (M.D. Tenn.) (the "MDL Litigation" and collectively with the Zhovmiruk Litigation, the "Litigation"), a true and correct copy of the Second Amended Consolidated Class Action Complaint is publicly available as ECF No. 728 and speaks for itself. Plaintiffs deny the allegations contained in paragraph 4 to the extent that they are inconsistent with the Litigation.

5.     Plaintiffs admit that they received notice of the Litigation. Except as otherwise expressly admitted, Plaintiffs deny the remainder of the allegations contained in paragraph 5.

6.     The allegations contained in paragraph 6 consist of legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs admit that the Litigation is not covered under the Excess Policies because *inter alia* the Professional Services Exclusion in the Primary Policy precludes coverage but otherwise deny the allegations contained in paragraph 6.

7.     The allegations contained in paragraph 7 consist of legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs admit that the Defendants seek a declaratory judgment but otherwise deny the allegations contained in paragraph 7.

## PARTIES

8.     Upon information and belief, Plaintiffs admit the allegations in paragraph 8.

9.     Upon information and belief, Plaintiffs admit the allegations in paragraph 9.

4854-8726-3938.1

10.     Zurich admits that it is a corporation organized under the laws of New York with its principal place of business in Illinois.

11.     Argonaut admits that it is a corporation organized under the laws of Illinois with its principal place of business in Illinois.

## JURISDICTION AND VENUE

12.     The allegations contained in paragraph 12 consist of legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs do not dispute subject matter jurisdiction.

13.     The allegations contained in paragraph 13 consist of legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs do not dispute that venue is proper.

14.     The allegations contained in paragraph 14 consist of legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs do not dispute that an actual case and controversy of a justiciable nature exists between the parties.

## FACTUAL ALLEGATIONS

**A.    Excess Insurers Sold Broad Excess Liability Coverage to the Insureds.**

15.     Plaintiffs admit that the Primary Policy was issued for policy period October 1, 2022 to October 1, 2023. Plaintiffs lack sufficient knowledge or information to form a belief regarding the truth of the remainder of the allegations contained in paragraph 15 and on that basis deny such allegations.

16.     Plaintiffs refer to the referenced Primary Policy for its full and complete contents and deny all allegations in paragraph 16 to the extent that they are inconsistent therewith.

4854-8726-3938.1

17.     The allegations contained in paragraph 17 consist of legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs refer to the referenced Primary Policy for its full and complete contents and deny all allegations in paragraph 17 to the extent that they are inconsistent therewith.

18.     Plaintiffs refer to the referenced Primary Policy for its full and complete contents and deny all allegations in paragraph 18 to the extent that they are inconsistent therewith.  Plaintiffs also deny any characterization of the definition.

19.     Plaintiffs refer to the referenced Primary Policy for its full and complete contents and deny all allegations in paragraph 19 to the extent that they are inconsistent therewith.

20.     Plaintiffs refer to the referenced Primary Policy for its full and complete contents and deny all allegations in paragraph 20 to the extent that they are inconsistent therewith.

21.     Plaintiffs refer to the referenced Primary Policy for its full and complete contents and deny all allegations in paragraph 21 to the extent that they are inconsistent therewith.

22.     Plaintiffs admit that the Argo First Excess Policy was issued for policy period October 1, 2022 to October 1, 2023. Argonaut admits that the premiums were paid but denies that the Insureds have complied with all terms of the Argo First Excess Policy. The remainder of the allegations contained in paragraph 22 refer to the Argo First Excess Policy and Plaintiffs deny the allegations contained in paragraph 22 to the extent that they are inconsistent with the Argo First Excess Policy.

23.     Plaintiffs admit that the Zurich Second Excess Policy was issued for policy period October 1, 2022 to October 1, 2023. Zurich admits that the premiums were paid but denies that the Insureds have complied with all terms of the Zurich Second Excess Policy. The remainder of the allegations contained in paragraph 23 refer to the Zurich Second Excess Policy and Plaintiffs deny

the allegations contained in paragraph 23 to the extent that they are inconsistent with the Zurich Second Excess Policy.

24. Plaintiffs admit that in other policies which are not relevant herein, antitrust exclusions may be included in policies. Plaintiffs deny the remainder of the allegations contained in paragraph 24.

**B.      The Insureds Are Named in the Underlying Litigation During the Policy Period.**

25. Plaintiffs admit that the documents and filings referenced in paragraph 25 are publicly available and speak for themselves. Plaintiffs deny the allegations contained in paragraph 25 to the extent that they are inconsistent with the same.

26. Plaintiffs admit that the documents and filings referenced in paragraph 26 are publicly available and speak for themselves. Plaintiffs deny the allegations contained in paragraph 26 to the extent that they are inconsistent with the same.

27. Plaintiffs admit that the documents and filings referenced in paragraph 27 are publicly available and speak for themselves. Plaintiffs deny the allegations contained in paragraph 27 to the extent that they are inconsistent with the same.

28. Plaintiffs lack sufficient knowledge or information to form a belief regarding the truth of the allegations contained in paragraph 28 and on that basis deny such allegations .

29. Plaintiffs admit that the allegations in paragraph 29 refer to publicly available documents and filings which speak for themselves. Plaintiffs deny the allegations contained in paragraph 29 to the extent that they are inconsistent with the same.

30. Plaintiffs admit that the Zhovmiruk Litigation was timely reported to Plaintiffs and to the extent the MDL Litigation is related to the Zhovmiruk Litigation. Plaintiffs lack sufficient knowledge or information to form a belief as to whether the "Underlying Litigation" was timely

reported to Chubb and on that basis deny such allegations Except as otherwise expressly admitted, Plaintiffs deny the remainder of the allegations contained in paragraph 30.

**C.    Even Though Chubb Recognized It Has a Coverage Obligation, the Excess Insurers Surreptitiously Coordinated to Avoid Their Coverage Obligations.[1]**

31.    Plaintiffs lack sufficient knowledge or information to form a belief regarding the truth of the allegations contained in paragraph 31 and on that basis deny such allegations. Chubb's January 23, 2023 letter has yet to be provided to Plaintiffs and is not attached as an exhibit to the Counterclaims.

32.    Plaintiffs refer to the referenced Primary Policy for its full and complete contents and deny all allegations in paragraph 32 to the extent that they are inconsistent therewith.

33.    Plaintiffs refer to the referenced Primary Policy and Excess Policies for their full and complete contents and deny all allegations in paragraph 33 to the extent that they are inconsistent therewith.

34.    The allegation is confusing and therefore Plaintiffs cannot admit or deny. To the extent an answer is required, Plaintiffs deny the allegations contained in paragraph 34.

35.    Plaintiffs lack sufficient knowledge or information to form a belief regarding the truth of the allegations contained in paragraph 35 and on that basis deny such allegations.

36.    Plaintiffs lack sufficient knowledge or information to form a belief regarding the truth of the allegations contained in paragraph 36 and on that basis deny such allegations.

37.    The allegations contained in paragraph 37 consist of legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs deny the allegations contained in paragraph 37.

---

[1] It has to be emphasized that in their response to the allegations of the Counterclaims, Plaintiffs are using the same headings used in the Counterclaims and that Plaintiffs strongly deny that any of the headings have any merit.

4854-8726-3938.1

38.     Plaintiffs admit that Joseph M. Saka prepared a letter dated January 27, 2023. Plaintiffs refer to the referenced letter for its full and complete contents and deny all allegations in paragraph 38 to the extent that they are inconsistent therewith.

39.     Plaintiffs admit that Chubb issued a letter dated November 15, 2023 ("Chubb Nov. 2023 Letter"), a true and correct copy of which is attached as Exhibit 5 to the First Amended Complaint. Plaintiffs deny that the allegations contained in paragraph 39 fully, fairly, or accurately summarize or characterize the terms of the Chubb Nov. 2023 Letter and deny all allegations in paragraph 39 to the extent that they are inconsistent therewith.

40.     Plaintiffs admit that prior to filing this action, they were aware that Chubb had agreed to provide coverage for the MDL Litigation under the Primary Policy subject to various reservation of rights.

41.     Plaintiffs deny the allegations contained in paragraph 41.

42.     Plaintiffs deny the allegations contained in paragraph 42.

43.     Plaintiffs admit that the Declaratory Judgment Action was filed on April 15, 2024. Except as otherwise expressly admitted, Plaintiffs deny the remainder of the allegations contained in paragraph 43.

44.     Plaintiffs deny the allegations contained in paragraph 44.

45.     Plaintiffs deny the allegations contained in paragraph 45.

46.     Plaintiffs deny the allegations contained in paragraph 46.

47.     Plaintiffs deny the allegations contained in paragraph 47.

48.     Plaintiffs deny the allegations contained in paragraph 48.

49.     The allegations contained in paragraph 49 consist of legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs deny the allegations contained in paragraph 49.

50.     Plaintiffs deny the allegations contained in paragraph 50.

51.     Plaintiffs admit that the allegations in paragraph 51 refer to publicly available documents and filings which speak for themselves. Plaintiffs deny that the allegations contained in paragraph 51 fully, fairly, or accurately summarize or characterize the terms of the same.

52.     The allegations contained in paragraph 52 consist of legal conclusions to which no answer is required. Plaintiffs admit that the allegations in paragraph 52 refer to publicly available documents and filings which speak for themselves. Plaintiffs deny that the allegations contained in paragraph 52 fully, fairly, or accurately summarize or characterize the terms of the same..

53.     Plaintiffs admit that the allegations in paragraph 53 refer to publicly available documents and filings which speak for themselves. Plaintiffs deny that the allegations contained in paragraph 53 fully, fairly, or accurately summarize or characterize the terms of the same.

54.     Plaintiffs deny the allegations contained in paragraph 54.

55.     Plaintiffs deny the allegations contained in paragraph 55.

56.     Plaintiffs admit that the allegations in paragraph 56 refer to publicly available documents and filings which speak for themselves. Plaintiffs deny that the allegations contained in paragraph 56 fully, fairly, or accurately summarize or characterize the terms of the same.

57.     Plaintiffs admit that the allegations in paragraph 57 refer to publicly available documents and filings which speak for themselves. Plaintiffs deny that the allegations contained in paragraph 57 fully, fairly, or accurately summarize or characterize the terms of the same.

4854-8726-3938.1

58.     Plaintiffs admit that the allegations in paragraph 58 refer to publicly available documents and filings which speak for themselves. Plaintiffs deny that the allegations contained in paragraph 58 fully, fairly, or accurately summarize or characterize the terms of the same.

59.     Plaintiffs admit that the allegations in paragraph 59 refer to publicly available documents and filings which speak for themselves. Plaintiffs deny that the allegations contained in paragraph 59 fully, fairly, or accurately summarize or characterize the terms of the same.

60.     Plaintiffs admit that the allegations in paragraph 60 refer to publicly available documents and filings which speak for themselves. Plaintiffs deny that the allegations contained in paragraph 60 fully, fairly, or accurately summarize or characterize the terms of the same.

61.     Plaintiffs admit that the allegations in paragraph 61 refer to publicly available documents and filings which speak for themselves. Plaintiffs deny that the allegations contained in paragraph 61 fully, fairly, or accurately summarize or characterize the terms of the same.

62.     Plaintiffs admit that the allegations in paragraph 62 refer to publicly available documents and filings which speak for themselves. Plaintiffs deny that the allegations contained in paragraph 62 fully, fairly, or accurately summarize or characterize the terms of the same.

63.     Plaintiffs deny the allegations contained in paragraph 63.

64.     Plaintiffs deny the allegations contained in paragraph 64.

65.     Plaintiffs deny the allegations contained in paragraph 65.

66.     Plaintiffs deny the allegations contained in paragraph 66.

67.     Plaintiffs deny the allegations contained in paragraph 67.

68.     Plaintiffs deny the allegations contained in paragraph 68.

69.     Plaintiffs deny the allegations contained in paragraph 69.

70.     Plaintiffs deny the allegations contained in paragraph 70.

4854-8726-3938.1

71.     Plaintiffs deny the allegations contained in paragraph 71.

72.     Plaintiffs deny the allegations contained in paragraph 72.

## CAUSES OF ACTION

## COUNT I

### (Declaratory Judgment – Coverage Upon Exhaustion)

73.     Plaintiffs hereby repeat, reallege, and incorporate by reference each and every preceding paragraph as if fully set forth herein.

74.     Plaintiffs admit the allegations contained in paragraph 74.

75.     Plaintiffs admit that the premiums on the Excess Policies have been paid and deny the remainder of the allegations contained in paragraph 75.

76.     Plaintiffs refer to the referenced Excess Policies for their full and complete contents and deny all allegations in paragraph 76 to the extent that they are inconsistent therewith.

77.     Plaintiffs deny the allegations in paragraph 77.

78.     Plaintiffs deny the allegations in paragraph 78.

79.     Plaintiffs admit the allegations in paragraph 79.

80.     Plaintiffs admit the allegations in paragraph 80.

81.     The allegations contained in paragraph 81 consist of legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs admit that they filed the Declaratory Judgment Action seeking a declaration that the Excess Policies provide no coverage for the Litigation.

82.     The allegations contained in paragraph 82 consist of legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs admit that Defendants seek a

declaratory judgment against Plaintiffs but otherwise deny the allegations contained in paragraph 82.

## COUNT II

### (Breach of Contract)

83.     Plaintiffs hereby repeat, reallege, and incorporate by reference each and every preceding paragraph as if fully set forth herein.

84.      Plaintiffs admit the allegations in paragraph 84.

85.     Plaintiffs admit that the premiums on the Excess Policies have been paid and deny the remainder of the allegations contained in paragraph 85.

86.     Plaintiffs refer to the referenced Excess Policies for their full and complete contents and deny all allegations in paragraph 86 to the extent that they are inconsistent therewith.

87.     Plaintiffs deny the allegations in paragraph 87.

88.     Plaintiffs deny the allegations in paragraph 88.

89.     Plaintiffs admit the allegations in paragraph 89.

90.     Plaintiffs deny the allegations in paragraph 90.

91.     Plaintiffs deny the allegations in paragraph 91.

## COUNT III

### (Violation of Massachusetts General Laws Chapter 176D and Chapter 93A)

92.     Plaintiffs hereby repeat, reallege, and incorporate by reference each and every preceding paragraph as if fully set forth herein.

93.     The allegations contained in paragraph 93 consist of legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs deny the allegations contained in paragraph 93.

94.    The allegations contained in paragraph 94 consist of legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs deny the allegations contained in paragraph 94.

95.    Plaintiffs deny the allegations in paragraph 95.

96.    Plaintiffs deny the allegations in paragraph 96.

97.    Plaintiffs deny the allegations in paragraph 97.

98.    Plaintiffs deny the allegations contained in paragraph 98.

99.    Plaintiffs deny the allegations in paragraph 99.

100.    Plaintiffs deny the allegations in paragraph 100.

101.    Plaintiffs deny the allegations in paragraph 101.

## PRAYER FOR RELIEF

Plaintiffs deny the allegations in paragraphs (i) through (vi) of the "Prayer for Relief" and further denies that Defendants are entitled to any relief from Plaintiffs whatsoever. Except as expressly admitted in this Answer, Plaintiffs deny the allegations in the Counterclaims.

[INTENTIONALLY LEFT BLANK]

4854-8726-3938.1

## AFFIRMATIVE DEFENSES

Plaintiffs assert the affirmative defenses to the Counterclaims as set forth below. By pleading these affirmative defenses, Plaintiffs do not intend to alter the burden of proof and/or persuasion that otherwise exists with respect to any issues in this action. All affirmative defenses are pled in the alternative and do not constitute an admission of liability or an admission that Defendants are entitled to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims are barred or limited because and to the extent that the Professional Services Exclusion (Section III.J. of the D&O Part of the Primary Policy to which the Excess Policies follow form) applies.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaims are barred or limited because and to the extent that any payment by Chubb under the Primary Policy does not qualify as a payment of Loss (Section II. of the D&O Part of the Primary Policy, as amended by Endorsement Nos. 13 and 14, to which the Excess Policies follow form) which erodes the Underlying Insurance in the Excess Policies.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaims may be barred or limited to the extent that Defendants failed or fail to comply with all conditions precedent to coverage under the Primary Policy and the Excess Policies.

### FOURTH AFFIRMATIVE DEFENSE

Any coverage provided by the Argo First Excess Policy is subject to and limited by all of the provisions, limitations, conditions, definitions, retentions, and exclusions of the Argo First Excess Policy and the underlying Primary Policy. Plaintiffs reserve the right to raise affirmatively

4854-8726-3938.1

any provisions, limitations, terms, conditions definitions, retentions and exclusions of these policies as appropriate.

## FIFTH AFFIRMATIVE DEFENSE

Any coverage provided by the Zurich Second Excess Policy is subject to and limited by all of the provisions, limitations, conditions, definitions, retentions, and exclusions of the Zurich Second Excess Policy and the underlying Argo First Excess Policy and the Primary Policy. Plaintiffs reserve the right to raise affirmatively any provisions, limitations, terms, conditions definitions, retentions and exclusions of these policies as appropriate.

## SIXTH AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred to the extent that Defendants seek coverage for matters or amounts that may be deemed uninsurable under the law or for which insurance coverage would violate public policy.

## EIGHTH AFFIRMATIVE DEFENSE

The Counterclaim may be barred or limited by Exclusion III.M. of the Primary Policy as amended by Endorsement 13, which provides that the Insurer shall not be liable for Loss on account of any Claim based upon or arising out of any deliberately fraudulent act or omission or any willful violation of any statute or regulation by an Insured if a final non-appealable adjudication in any underlying proceeding establishes such fraudulent act or omission or willful violation.

4854-8726-3938.1

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs reserve the right to assert affirmatively any other matter that constitutes an avoidance or affirmative defense under applicable rules.

Dated: June 6, 2024                    Respectfully submitted,


By:      /s/ Brian A. O'Connell
         Brian A. O'Connell, BBO#551182
         Tucker, O'Connell & Fidurko, LLP
         199 Wells Avenue, Suite 301
         Newton, MA 02459
         617-986-6226
         oconnell@toflawfirm.com

         Geoffrey Heineman (Admitted *Pro Hac Vice*)
         Jung H. Park (Admitted *Pro Hac Vice*)
         Ropers Majeski PC
         800 Third Avenue, 29th Floor
         New York, NY 10017
         Geoffrey.heineman@ropers.com
         Jung.park@ropers.com

         *Attorneys for Plaintiffs Argonaut Insurance*
         *Company and Zurich American Insurance Company*


## CERTIFICATE OF SERVICE

I, Jung H. Park, hereby certify that on June 6, 2024, I filed and served this document through the electronic filing system and the document is available for viewing and/or downloading from the United States District Court District of Massachusetts using the CM/ECF system, which will send notification to counsel of record


         /s/ Jung H. Park
         Jung H. Park (Admitted Pro Hac Vice)


4854-8726-3938.1