# THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARGONAUT INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY,<br><br>            Plaintiffs,<br><br>    v.<br><br>GID INVESTMENT ADVISERS CORPORATION, WINDSOR PROPERTY MANAGEMENT COMPANY,<br><br>          Defendants. | Case No.: 1:24-cv-10971-RGS |

## DEFENDANT / COUNTER-PLAINTIFFS'
## MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Defendants and Counter-Plaintiffs GID Investment Advisers Corporation ("GIAC") and Windsor Property Management Company ("Windsor") (collectively, the "Windsor Insureds") hereby move, pursuant to Federal Rule of Civil Procedure 12(c), for partial judgment on the pleadings and in support thereof, state as follows:

1. Plaintiffs Argonaut Insurance Company ("Argonaut") and Zurich American Insurance Company ("Zurich") (collectively, the "Excess Insurers") sold excess directors and officers ("D&O") insurance policies to the Windsor Insureds that follow form to the terms and conditions of a primary D&O insurance policy (the "Primary Chubb Policy") sold by Federal Insurance Company ("Chubb"). The policies provide coverage, including the advancement of defense costs, for claims alleging broadly defined "Wrongful Acts."

2.      During the policy period, Windsor was named in multidistrict litigation alleging that Windsor and more than fifty other named defendants conspired to fix prices of rental units in multi-family apartment buildings (the "Underlying Litigation").  Even though Chubb, which drafted the policy language, has agreed to advance Windsor's defense costs subject to a reservation of rights, the Excess Insurers have denied any coverage obligation for the Underlying Litigation on the basis of an exclusion in the Primary Chubb Policy, which bars coverage for losses from claims "based upon, arising from, or in consequence of performing or the failure to perform any professional service" (the "Professional Services Exclusion").

3.      The Excess Insurers brought this action seeking declaratory relief in two counts: (1) a declaratory judgment that a "Professional Services Exclusion" in the Primary Chubb Policy excludes coverage for the Underlying Litigation; and (2) a declaratory judgment that payments by Chubb for defense costs incurred by Windsor in the Underlying Litigation do not qualify as payments of Loss which erodes the Underlying Insurance in the Excess Policies.

4.      The Windsor Insureds filed their answer with counterclaims, asserting causes of action for (1) declaratory judgment pursuant to 28 U.S.C. § 2201; (2) breach of contract; and (3) violations of Massachusetts General Law Chapter 93A.

5.      As set forth in the attached memorandum of law, the Claims in the Underlying Litigation are not based upon, arising from, or in consequence of the Windsor Insureds' performance of or failure to perform any professional services.  The Professional Services Exclusion is therefore inapplicable to the Underlying Litigation and does not relieve Excess Insurers of their obligation to advance defense costs upon exhaustion of the Chubb Policy.

6.      This Motion addresses the narrow but critical question of whether the Professional Services Exclusion relieves the Excess Insurers of their duty to advance defense costs.  There are

no facts, material to the determination of the Excess Insurers' duty to advance defense costs, that are in dispute.

7.      Therefore, the Windsor Insureds respectfully request that the Court grant partial judgment on the pleadings that (1) the Professional Services Exclusion does not relieve the Excess Insurers of their obligation to provide defense coverage for the Underlying Litigation; (2) payments by Chubb in the Underlying Litigation qualify as Loss under the Primary Chubb Policy and serve to erode limits; (3) upon attachment of their respective policies, the Excess Insurers must advance Windsor's defense costs in the Underlying Litigation; and (4) the Windsor Insureds are entitled to recover the costs and expenses, including reasonable attorneys' fees, incurred in this action to date.[1]

8.      This Motion is based on the Memorandum of Points and Authorities, the pleadings and papers on file in this action, and on such other and further evidence as may be presented prior to, and at, any hearing on this Motion.

## REQUEST FOR ORAL ARGUMENT

Defendants/Counter-Plaintiffs believe that oral argument may assist the court and hereby request oral argument.

Dated: July 12, 2024                           Respectfully submitted,

                                               */s/ Joseph M. Saka*
                                               Andrew M. Reidy (BBO 550808)
                                               Joseph Saka (pro hac vice)
                                               Scott Boyle (pro hac vice)
                                               NOSSAMAN LLP

---

[1] To the extent the Court is required to review any materials outside of the pleadings, summary judgment would be appropriate.

1401 New York Avenue NW
Suite 800
Washington, D.C. 20005
Telephone: (202) 887-1412
areidy@nossaman.com
jsaka@nossaman.com
sboyle@nossaman.com

***Counsel for Defendants/Counter-Plaintiffs***

## LOCAL RULE 7.1 (A) (2) CERTIFICATION

I, Joseph M. Saka, hereby certify that, pursuant to Rule 7.1 (A)(2) of the Local Rules of the United States District Court of Massachusetts, I conferred with counsel for the Plaintiffs / Counter-Defendants, on July 11, 2024 by telephone and email regarding this motion, and counsel for Plaintiffs / Counter-Defendants informed me that they plan to oppose it.

Dated: July 12, 2024

*/s/ Joseph Saka*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 12, 2024.

*/s/ Joseph Saka*